MAHONNA, Appellant, vs. MAHONNA, Respondent.

*June 1—July 13, 1921.*

*Divorce: Cruel and inhuman treatment: Successive divorce actions by wife.*

In a divorce action brought by the husband, evidence that the defendant wife had previously brought several divorce actions against him charging failure to support and desertion, and also illicit relations with another woman, which suits were dismissed, is *held* insufficient to establish a substantial foundation for the husband's claim that there was cruel and inhuman treatment of him by the wife.

APPEAL from a judgment of the circuit court for Dunn county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

The parties to this divorce action were married in Syria in 1891. At the time of the trial the plaintiff was fifty-three and the defendant fifty-seven years of age; they have one child, a daughter now married. They came to this country about 1893. Plaintiff was a peddler at first and subsequently ran a retail store.

The defendant wife brought several divorce actions against the husband, plaintiff here, commencing in 1911. The first was dismissed, and in the second a judgment was entered in her favor in May, 1915, on the ground of the husband's failure to support and wilful desertion, and providing that he should pay $1,000 in monthly payments. These payments were subsequently made. The complaint in that action had charged the husband with illicit relations with a woman employed by him in helping him to run the store. This, however, was found by the court to be unproven and untrue. A third action for divorce was brought by the wife for failure to support and desertion, reciting the previous divorce actions and alleging adultery on the part of her husband with the same woman. When this case was brought to trial it was dismissed.

This action was brought by the husband; his complaint

reciting the former divorce suits by the wife, that they were without merit, that orders to show cause had been obtained in those divorce actions and orders made requiring him to pay alimony and attorney fees, and that he had been repeatedly called upon by the attorneys for his wife for money in connection with such actions, and that all of these things had affected his business and credit and preyed upon his mind, discouraged him in business, etc., and thereby constituted cruel and inhuman treatment.

His testimony, which is alone relied upon, is to the effect that after the first divorce suit brought by his wife she told him she would soak blood out of him; that of the several attorneys for his wife in her divorce actions, one called upon him twice, another once, and a third wrote one letter with reference to unpaid alimony. He testified that all these things affected his health and his business. He went through bankruptcy once, but no connection is shown between that and anything done by his wife. The daughter, on behalf of the mother, testified quite fully as to the family life.

The findings of the court were that the defendant was not guilty of cruel and inhuman treatment of the plaintiff and dismissed the complaint upon the merits. From such judgment the plaintiff has appealed.

For the appellant there was a brief by *McNally & Doar* of New Richmond, and oral argument by *W. T. Doar.*

For the respondent the cause was submitted on the brief of *W. H. Frawley* of Eau Claire.

ESCHWEILER, J. The record in this case and as summarized in the above statement of facts discloses no proof of any substantial foundation for plaintiff's claim that there was cruel and inhuman treatment of him by his wife.

The trial court was fully justified in making the disposition of this case that he did and it is not deemed necessary here to say more.

*By the Court.*—Judgment affirmed.